# Snyder *v*. School District of Greensburg Borough, Appellant.

*Equity—Equity practice—Preliminary injunction — Appeals— Practice, Supreme Court.*

1. On appeal from a decree granting or refusing a preliminary injunction the Supreme Court will not consider the merits of the controversy but will determine only, whether on the facts developed, an injunction should have been granted or refused.

2. Where on appeal from a decree in equity continuing until final hearing an injunction restraining defendant school directors from collecting a tax, issuing bonds and acquiring land for a school building, it appeared that there was a finding by the lower court that the undertaking on which the school directors proposed to enter would increase the indebtedness of the school district beyond the legal limit, the Supreme Court would not further consider the merits of the controversy and affirmed the decree.

Argued Oct. 2, 1914. Appeal, No. 171, Oct. T., 1914, by defendants, from decree of C. P. Westmoreland Co.,

Equity Docket, 1914, No. 867, awarding an injunction, in case of C. E. Snyder v. Directors of the School District of the Borough of Greensburg, E. M. Gross, President, John Robb Clarke, Secretary of said Board, and E. P. Scott, Tax Collector of said District. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, J.J. Affirmed.

Bill in equity for an injunction. Before DOTY, P. J.

The opinion of the Supreme Court states the facts.

The court granted a preliminary injunction, which was continued until final hearing. Defendants appealed.

*Error assigned* was the decree of the court.

*James S. Moorhead* and *Robert W. Smith,* for appellant.

*Albert H. Bell, Cecil E. Heller* and *James S. Beacom,* with them *David L. Newill* and *J. Clarke Bell,* for appellee.

PER CURIAM, October 26, 1914:

This appeal is from a decree modifying and continuing until final hearing a preliminary injunction restraining the defendants from collecting a tax, from issuing bonds and from acquiring by purchase or condemnation certain land for the purpose of erecting a school building thereon. It was found by the learned judge of the Common Pleas that the undertaking on which the school directors proposed to enter would increase the indebtedness of the district beyond the legal limit. Other objections to the proposed action by the directors were left by the court for consideration on final hearing. Manifestly they should be so left by us. We see no reason for departing from the established practice of this court on an appeal from the granting

or refusing of a preliminary injunction to express no opinion on the merits of the controversy until after final hearing and decree and to determine only whether on the facts developed an injunction should have been granted or refused: Ross Common Water Co. v. Blue Mountain Water Co., 228 Pa. 235.

The decree is affirmed at the cost of the appellant.